**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

JENNIFER CHRISTIAN, formerly
known as JENNIFER HAVEMAN,                    3:16-cv-01938-BR

        Plaintiff,                       OPINION AND ORDER

v.

UMPQUA BANK, an Oregon for
profit banking institution,

        Defendant.

**CRYSTAL M. LEWIS**
Marsh Higgins Beaty & Hatch PC
1112 Daniels St.
Suite 200
Vancouver, WA 98660
(360) 695-7909

        Attorneys for Plaintiff

**LEAH C. LIVELY**
**ALYSIA J. HARRIS**
Ogeltree Deakins Nash Smoak & Stewart P.C.
222 S.W. Columbia St.
Suite 1500
Portland, OR 97201
(503) 552-2140

        Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Plaintiff's Motion

1 - OPINION AND ORDER

(#9) to Remand this matter to state court on the ground that
Defendant's Notice of Removal (#1) filed in this Court on
October 4, 2016, was untimely.

For the reasons that follow, the Court **DENIES** Plaintiff's
Motion.


#### BACKGROUND

On August 10, 2016, Plaintiff filed her Complaint in the
Multnomah County Circuit Court of the State of Oregon.  Plaintiff
alleged claims for violation of Title VII of the Civil Rights
Act, 42 U.S.C. § 2000e, *et seq.*, as well as state-law claims
pursuant to Washington state law.

On August 11, 2016, a process server served the Summons and
Complaint in the state-court action on Travis Krapf who was on
duty at Defendant's branch office at 1 S.W. Columbia Street in
Portland, Oregon.

On September 19, 2016, Plaintiff filed a motion for order of
default.  On that same date Plaintiff also mailed a copy of the
Summons and Complaint to CT Corporation, Defendant's registered
agent in Salem, Oregon.

On September 22, 2016, CT Corporation notified Defendant
that it had received Plaintiff's mailing with the Summons and
Complaint.

On October 4, 2016, Defendant filed a Notice of Removal in
this Court on the basis of federal question and supplemental
jurisdiction.  On October 11, 2016, Defendant filed an Answer to

Plaintiff's Complaint.

On November 3, 2016, Plaintiff filed her Motion to Remand this matter to state court.

## STANDARDS

A motion to remand is the proper procedure for challenging removal.  *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).

28 U.S.C. § 1446(a) provides in pertinent part:  "A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal."  28 U.S.C. § 1446(b) provides in pertinent part:  "The notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).  *See also Prize Frieze, Inc. v. Matrix, Inc.,* 167 F.3d 1261, 1265 (9th Cir. 1999), *overruled on other grounds by Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006).  The party seeking removal bears the burden of establishing by a

3 – OPINION AND ORDER

preponderance of the evidence that all removal requirements have been met.  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).  *See also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).


## DISCUSSION

Plaintiff seeks to remand this matter to state court on the ground that Defendant's Notice of Removal was not filed timely because it was not filed within 30 days of August 11, 2016, which was the date of service of the Summons and Complaint on Krapf.

Defendant, however, contends Plaintiff's service on Krapf was not valid pursuant to Rule 7D because he was not an officer of Defendant and Defendant has officers in Multnomah County where the action was filed who could have been properly served. Accordingly, Defendant contends it was not until September 22, 2016, when its registered agent, CT Corporation, received a copy of the Summons and Complaint in the mail that it was properly served.  Thus, because Defendant removed the matter within 30 days of September 22, 2016, Defendant asserts the Notice of Removal was timely.

## I.    Standards.

Federal Rule of Civil Procedure 4(h)(1)(A) authorizes service of process on a corporation in a manner following state law for serving a summons in the court where service is made. Accordingly, Oregon law determines whether proper service has

been accomplished.

Oregon Rule of Civil Procedure 7D(3)(b) specifies the methods to serve a corporation:

> 7D(3)(b)(i) **Primary service method**.  By personal service or office service upon a registered agent, or officer or director of the corporation; or by personal service upon any clerk on duty in the office of a registered agent.
>
> 7D(3)(b)(ii) **Alternatives.**  If a registered agent, officer, or director cannot be found in the county where the action is filed, true copies of the summons and the complaint may be served:
>
>> (A) by substitute service upon such registered agent, officer, or director;
>>
>> (B) by personal service on any clerk or agent of the corporation who may be found in the county where the action is filed;
>>
>> (C) by mailing . . . true copies of the summons and complaint to the office of the registered agent . . .; or
>>
>> (D) upon the Secretary of State . . . .

Service must be analyzed under Oregon's two-step test for determining the adequacy of service.  *See Baker v. Foy*, 310 Or. 221 (1990).  First, the Court must determine whether the method of service used was authorized under the rules.  If the service method was not authorized, the court next must determine whether the defendant had reasonable notice of the action.  *Id.*

## II.  Plaintiff's service of Krapf does not constitute proper service on Defendant pursuant to Rule 7D(3)(b)(i).

Plaintiff asserts Krapf was an officer of Defendant for purposes of personal service on Defendant pursuant to Oregon Rule of Civil Procedure 7D(3)(b)(i) or, in the alternative, Krapf was

a clerk or agent of Defendant pursuant to Rule 7D(3)(b)(ii)(B)
because there was not an officer or registered agent in the
county where the action was filed (*i.e.*, Multnomah County).
Thus, Plaintiff contends Defendant was properly served when Krapf
was served on August 11, 2016, because Krapf was an "assistant
manager" of the bank and, therefore, was an officer of Defendant
for purposes of service.  Plaintiff asserts "[a]ll of the
managers and assistant managers in all of the branches that [she]
worked in and had contact with during [her] employment with
Umpqua Bank were referred to as officers of the bank because they
had the authority to enter into transactions that were legally
binding on the bank."  Plaintiff also states:  "For certain
transactions, [she] would need to seek the approval of an officer
before completing a transaction," and "[t]here was always an
officer on duty during business hours in every branch of the bank
pursuant to bank policy."

    According to Defendant, however, Krapf was not an officer of
Defendant, and, therefore, Defendant was not properly served by
leaving the Summons and Complaint with Krapf on August 11, 2016.
To support its position Defendant points to Krapf's Declaration
in which he states he is not the assistant manager of the branch
where he worked and merely had the title of "Universal Associate"
or bank teller.  Moreover, Krapf also states in his Declaration
that he is not "a manager, supervisor or person in charge" of the
branch where he works nor an officer or director of Defendant.
In any event, Defendant emphasizes the officers of a corporation

are designated in the corporation's bylaws, and Krapf's position
does not qualify as an "officer" of the corporation.  *See* Or.
Rev. Stat. § 60.371.

The Court notes Plaintiff has not provided any evidence that
supports her position that Krapf is a designated officer of
Defendant nor does Plaintiff submit any evidence as to Krapf's
title, duties, or responsibilities.  In her Declaration Plaintiff
states she also held the title of "Universal Associate," but she
does not indicate she worked with Krapf, that she had any
personal knowledge regarding his position or duties, or that she
too was an "officer" of Defendant in her role as Universal
Associate.  Plaintiff relies on the Affidavit of Service
submitted by the process server in which the process server
merely states Krapf was an assistant manager.[1]  That statement
standing alone, however, is insufficient proof that Krapf was an
officer of Defendant.

On this record, therefore, the Court concludes Plaintiff has
not established she accomplished service on Defendant pursuant to
Rule 7D(3)(b)(i) when she served Krapf because Plaintiff has not
established he was an officer or director of Defendant.

---

[1]  The Court notes Defendant moves to strike the Affidavit
of Service on the ground that it lacks foundation for the
conclusory statement that Krapf was an assistant manager.  The
Court, however, declines to strike the Affidavit because it is
proof of at least attempted service on Defendant by serving
Krapf.  The Court, nevertheless, agrees the process server's
substantive statement as to Krapf's position lacks any
foundational support, and, therefore, the Court declines to
accept the Affidavit as factual support of Plaintiff's position
for purposes of this Motion.

### III. Plaintiff's service on Krapf does not constitute service on Defendant pursuant to Rule 7D(3)(b)(ii)(B).

Plaintiff contends alternatively that Defendant was properly served pursuant to Rule 7D(3)(b)(ii)(B) when Krapf was served because an agent, officer, or director could not be found in Multnomah County where the action was filed, and Krapf was a clerk or agent of the Defendant for purposes of serving Defendant pursuant to Rule 7D(3)(b)(ii)(B).

As noted, when a plaintiff is unable to serve a corporate defendant by the primary service method specified in Rule 7D(3)(b)(i) because the registered agent, officer, or director cannot be found in the county where the action is filed, Rule 7D(3)(b)(ii)(B) allows alternative methods.  Defendant acknowledges its registered agent is not located in Multnomah County where this action was filed, but Defendant contends Plaintiff's purported alternative service on Krapf was ineffective because Defendant has officers in Multnomah County and there is not any showing that Plaintiff made any effort to locate such officers for service.

Although Plaintiff maintains Krapf was a "clerk" or an "agent" of the corporation, Plaintiff offers only her conclusory statements to support her contention.  Moreover, Defendant argues the term "clerk" as used in Rule 7D(3)(b)(ii)(B) means more than merely such an employee.  Accordingly, Defendant maintains the service on Krapf does not qualify as service on a clerk or agent of the corporation for purposes of this analysis.

In *Stoll v. Hoke* the Oregon Court of Appeals held service on

8 – OPINION AND ORDER

a third person can be adequate notice to a named party if the

process server has reason to believe that the person with whom

the summons and complaint was left "has regular, frequent and

predictable contact" with the defendant sufficient to provide the

defendant with notice of the action and a reasonable opportunity

to appear.  153 Or. App. 261, 268 (1998).  In *Stoll* the court

found service on the receptionist of a law firm was adequate

notice to the lawyer who was sued when, after delivering the

summons and complaint, the process server returned to the law

office, inquired if the lawyer had received the papers, and was

advised the papers had been given to the lawyer.  The court

concluded the totality of these circumstances established the

process server had reason to believe that the defendant had

notice of the action and a reasonable opportunity to appear.

As noted, Plaintiff's only evidence in this record regarding

service is the Affidavit of the process server that he delivered

the papers to someone who he believed was the "assistant manager"

at the bank branch, but Defendant has contested that conclusion

with evidence that Krapf did not tell the process server he was a

manager, assistant manager, or person in charge of the branch

office; the process server did not ask Krapf about Defendant's

registered agent, officers, or directors; and the process server

did not ask Krapf if he would deliver the Summons and Complaint

to the Defendant's officers, directors, or registered agent.

Thus, unlike in *Stoll v. Hoke*, there is not any evidence in the

record to establish that Krapf was "a clerk or agent or agent of

the corporation" and authorized to receive service on behalf of

Defendant nor is there any evidence in the record that

establishes the service was "reasonably calculated" to provide

Defendant with notice of the action and a reasonable opportunity

to appear and to defend.

On this record, therefore, the Court concludes the totality

of these circumstances does not establish service on Krapf was

effective service on Defendant pursuant to Rule 7D(b)(3)(ii)(B)

because Krapf was not a clerk or agent of the corporation.

## IV.   Plaintiff's service on Defendant was not effective until September 22, 2016.

As noted, Rule 7D(3)(b)(i) provides the primary service

method for a corporation is by personal or office service on the

registered agent, officer, or director of the corporation.

The record reflects on September 19, 2016, Plaintiff mailed

a true copy of the Summons and Complaint to CT Corporation, the

registered agent of Defendant, and that CT Corporation received

these documents on September 22, 2016.[2]   CT Corporation

immediately notified Defendant, and Defendant acknowledges this

service was proper.

Because the Court concludes service of Plaintiff's Summons

and Complaint in the state-court action was accomplished on

September 22, 2016, and Defendant filed its Notice of Removal on

October 4, 2016, the Court finds Defendant's Notice of Removal to

---

[2] Plaintiff has not provided any explanation as to why she did not initially serve CT Corporation.

this Court was filed timely.[3]

## CONCLUSION

For the reasons stated, the Court **DENIES** Plaintiff's Motion (#9) to Remand.

IT IS SO ORDERED.

DATED this 2nd day of February, 2017.

/s/ Anna J. Brown

_____
ANNA J.   BROWN
United States District Judge

---

[3] The Court need not address Plaintiff's remaining arguments because the Court has concluded Defendant timely filed its Notice of Removal based on the service on Defendant's registered agent.

11- OPINION AND ORDER