IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**JENNIFER CHRISTIAN, formerly
known as JENNIFER HAVEMAN,**   3:16-cv-01938-BR

      Plaintiff,   OPINION AND ORDER

v.

**UMPQUA BANK, an Oregon for
profit banking institution,**

      Defendant.

**CRYSTAL M. LEWIS**
March, Higgins, Beaty & Hatch, P.C.
1112 Daniels St., Suite 200
P.O. Box 54
Vancouver, WA 98666
(360) 695-7909

    Attorneys for Plaintiff

**LEAH C. LIVELY**
**WM. BRENT HAMILTON, JR.**
Davis Wright Tremaine, LLP
1300 S.W. Fifth Ave, Suite 2400
Portland, OR 97201
(503) 241-2400

    Attorneys for Defendant


**BROWN, Senior Judge.**

    This matter comes before the Court on Defendant Umpqua

1 – OPINION AND ORDER

Bank's Bill of Costs (#65).

For the reasons that follow, the Court **AWARDS** costs to Defendant in the amount of **$7,670.81**.

## BACKGROUND

On August 20, 2016, Plaintiff Jennifer Christian filed a civil action in Oregon state court against Defendant and alleged federal and Washington state-law claims of sexual harassment/discrimination and retaliation.

On October 4, 2016, Defendant removed the state-court action to this Court.

On March 20, 2018, Defendant filed a Motion (#49) for Summary Judgment as to each of Plaintiff's claims.

On May 22, 2018, the Court issued an Opinion and Order (#63) in which it granted Defendant's Motion and entered Judgment (#64) dismissing Plaintiff's Complaint with prejudice.

On June 5, 2018, Defendant filed a Bill of Costs (#65) seeking costs in the amount of $17,107.91.

On June 19, 2018, Plaintiff filed Objections (#67) to Defendant's Bill of Costs.

## STANDARDS

Federal Rule of Civil Procedure 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to

the prevailing party." Rule 54(d) creates a presumption in favor of awarding costs to a prevailing party; *i.e.*, "the losing party must show why costs should not be awarded" in any particular case. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003).

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation for court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

The court must limit an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute. *Grove v. Wells Fargo Fin. Ca., Inc.*, 606 F.3d 577, 579-80 (9th Cir.

3 – OPINION AND ORDER

2010). The discretion of the court to tax costs under Rule 54(d), however, is not "a separate source of power to tax as costs expenses not enumerated in § 1920" and does not create "a presumption of statutory construction in favor of the broadest possible reading of the costs enumerated in § 1920." *Taniguchi v. Kan Pacific Saipan, Ltd.,* 566 U.S. 560, 565, 572 (2012).

### DISCUSSION

As noted, Defendant seeks recovery of $17,107.91 in costs as the prevailing party in this case. Defendant requests, *inter alia*, the $300.00 *pro hac vice* application fee for admission of out-of-state counsel, $8,190.85 for depositions taken in the case, $6,480.98 for "exemplification and photocopies," and $43.08 in mileage reimbursement for travel by defense counsel.

Although Plaintiff objects only to Defendant's request for $2,631.90 in costs for rough drafts of transcripts and video recordings associated with her deposition and the depositions of Ed Denny and Walt Lierman, the Court may award only those costs enumerated in § 1920 unless otherwise provided. *See Grove*, 606 F.3d at 579.

### I. *Pro Hac Vice* Application Fee

The Ninth Circuit has explicitly held § 1920 does not allow recovery of *pro hac vice* application fees as taxable costs. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys., Inc.*, 741 F.3d 955, 957-58 (9th Cir. 2013).

Accordingly, the Court denies Defendant's request for reimbursement of the $300.00 *pro hac vice* application fee for out-of-state defense counsel.

## II. Fees for Printed or Electronically Recorded Transcripts

Defendant seeks recovery of $8,190.85 for expenses incurred related to depositions. As noted, Plaintiff objects only to $2,631.90 for rough draft transcripts and for video recordings of the depositions, and Defendant concedes Plaintiff's objection.

Accordingly, the Court awards Defendant only $5,558.95 for printed or electronically recorded transcripts.

## III. Fees for Exemplification and Costs of Making Copies

Defendant seeks recovery of $6,480.98 for copying costs. Defendant contends these costs are for "copying and uploading documents to an electronic discovery review platform" as well as obtaining Plaintiff's unemployment records from the Washington Employment Security Department and Plaintiff's medical records. Defendant contends the electronic discovery costs "relate to only copying/uploading/processing of documents and do not include other costs, such as reviewing documents or crafting search terms." Plaintiff did not object to these costs.

Defendant's supporting documentation for these costs, however, reflect the actual cost of obtaining Plaintiff's unemployment and medical records was $38.86. The remainder of the requested costs are associated with the creation of an "e-Discovery workspace" by an outside document-production service for "copying/uploading" client documents; quality control checks

of the e-Discovery workspace; sending data to a vendor for copying, loading, processing, and file creation; and loading/copying data obtained from third-parties and opposing counsel.

The Ninth Circuit has held electronic discovery costs may be properly taxed as costs of making copies of material when "the copies are necessarily obtained for use in the case" pursuant to § 1920(4). *In re Online DVD-Rental Antitrust Litig.,* 779 F.3d 914, 926 (9th Cir. 2015). The Ninth Circuit noted

> § 1920(4) restricts the award of costs to those incurred for copies necessarily obtained for use in the case is not, in itself, a justification permitting the award of costs for any task necessary to the prosecution or defense of a case. . . .
>
> The proper application of a narrowly construed § 1920(4) requires that the tasks and services for which an award of costs is being considered must be described and established with sufficient specificity, particularity, and clarity as to permit a determination that costs are awarded for making copies.

*Id.* at 928.

Here the Court concludes the majority of the expenses sought by Defendant for copying costs do not relate to "making copies" of documents for use in the litigation, but instead to the creation and maintenance of an electronic database for the storage and use of documents in the production process. These costs, therefore, are not recoverable under § 1920.

Accordingly, the Court awards Defendant costs of $38.86 for exemplification fees and the costs of making copies.

**IV. Mileage Reimbursement For Defense Counsel's Travel**

Defendant seeks mileage reimbursement of $43.08 for travel

to Vancouver, Washington, by defense counsel for depositions. Defendant, however, has not cited any Ninth Circuit authority to support recovery of such costs under § 1920. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, No. 3:00-cv-755, 2004 WL 1853134, at *14 (D. Or. Aug. 18, 2004)(fees for mileage and parking are not recoverable under § 1920).

Accordingly, the Court does not award Defendant the $43.08 mileage costs incurred by Defendant's counsel for travel for depositions.

**V. Other Items**

Pursuant to 28 U.S.C. § 1920 the Court awards Defendant recovery of the following items in Defendant's Bill of Costs: $400.00 for fees of the Clerk; $168.00 for fees for services of summons and subpoena; $1,505.00 for fees for witnesses; and $20.00 for docket fees for a total of $2,093.00.

## CONCLUSION

For these reasons, the Court **AWARDS** costs to Defendant in the amount of **$7,690.81** and directs the Clerk to tax these costs against Plaintiff.

IT IS SO ORDERED.

DATED this 10th day of July, 2018.

                                      Anna J. Brown

                                ANNA J. BROWN
                                United States Senior District Judge